# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ISAEL MACIAS EMIGDIO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-135-SLP** |
| | ) | |
| **SCARLET GRANT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Isael Macias Emigdio, a citizen of Mexico proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge Scott Palk referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). In accordance with the briefing schedule, (Doc. 9), Respondents timely filed a Response in Opposition to the Petition for Writ of Habeas Corpus.[2] (Doc. 12). Petitioner filed a Reply. (Doc. 13). As fully set forth below, the undersigned recommends that the Court **DENY** the Petition

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[2] The response was not filed on behalf of Respondent Scarlet Grant, Warden of Cimmaron Correctional Facility, because she is not a federal official. (Doc. 12, at 1 n.1). The undersigned concludes that a separate response from Warden Grant is not necessary to resolve this matter.

because Petitioner seeks class relief unavailable in this judicial district, and he is not entitled to habeas relief on his other claims.

## I.    Introduction

This action relates to an issue that has already been litigated in this Court dozens of times: may aliens who have not been admitted or inspected, but have lived in the United States for years, be classified as aliens who are "applicants for admission" and "seeking admission" under 8 U.S.C. § 1225, or must they instead be classified as aliens under 8 U.S.C. § 1226?  The overwhelming majority of courts, and the undersigned, have concluded that these aliens are properly subject to 8 U.S.C. § 1226.

On November 20, 2025, a court in the Central District of California faced with the same question analyzed both statutes and determined the petitioners who filed for relief there were detained pursuant to § 1226.  *Bautista v. Santacruz (Bautista I)*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025).  Five days later, the *Bautista* court certified a "Bond Eligible Class," defined as follows:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz (Bautista II)*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).  And on December 18, 2025, the *Bautista* court entered a partial final judgment in favor of the Bond Eligible Class by:

> 1.    **DECLAR[ING]** that the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)[;]

2

2.    **DECLAR[ING]** that, pursuant to Defendants' regulations, . . . the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge[;]

3.    **VACAT[ING]** the Department of Homeland Security policy [guiding the federal government to detain noncitizens according to 8 U.S.C. § 1225] under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)[; and]

4.    **GRANT[ING]** final judgment as to Claims I, II, and III of the Amended Class Complaint, and certify[ing] those claims for appeal pursuant to Federal Rule of Civil Procedure 54(b).

*Bautista v. Santacruz (Bautista III)*, No. 5:25-cv-1873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).[3]

In the intervening weeks, petitioners around the country challenging their immigration detention under § 1225 have asserted membership in the Bond Denial Class as a ground for habeas relief. While inherently related to the argument that § 1226 should apply instead, claims based on membership in the class defined by *Bautista II* seek to sidestep the statutory analysis entirely and instead contend that the *Bautista* court's rulings are enforceable in other judicial districts simply by virtue of that court's class certification and partial final judgment. The undersigned is now tasked with determining whether the

---

[3] The *Bautista* court also recently published an order granting a motion to enforce its prior judgments, but this order is inapplicable to the undersigned's analysis. *Bautista v. Santacruz (Bautista IV)*, No. 5:25-cv-1873-SSS-BFM, --- F. Supp.3d ----, 2026 WL 468284 (Feb. 18, 2026).

3

Central District of California's *Bautista* rulings are binding on the Western District of Oklahoma. The undersigned recommends that the Court find they are not.

## II.    Background

Petitioner is a Mexican citizen who alleges he entered the United States in 1998. (Doc. 1, at 2). Petitioner states that on August 16, 2025, he was taken into custody by ICE in Allen, Texas. (*Id.* at 3, 10). On September 21, 2025, ICE initiated removal proceedings by issuing a Notice to Appear that charged him as removable because he was an alien present in the United States without being admitted or paroled. (Doc. 12, at 2; *id.* at Ex. 1). Respondents assert that Petitioner is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 1). Petitioner requested release on bond, but an immigration judge denied it for lack of jurisdiction, citing BIA precedent. (Doc. 1 at 5; *id.* at Ex. 12). Petitioner filed an application for cancellation of removal on November 18, 2025. (*Id.* at Ex. 11). Petitioner's removal proceeding is ongoing. (*See* Doc. 12, at 2). Petitioner filed his Petition while detained at the Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

## III.    Petitioner's Claims and Respondents' Response

Petitioner first asserts a "request for relief pursuant to [*Bautista*]." (Doc. 1, at 11). He asserts that "[a]s a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a)." (*Id.*) Petitioner next asserts that denial of bond consideration violates his right to Due Process under the Fifth Amendment. (*Id.* at 12). He separately argues that his "continued detention violates Due Process because it fundamentally undermines Petitioner's removal defense," specifically

4

that his detention "severely impairs his ability to pursue cancellation of removal, a discretionary form of relief that turns on extensive factual development." (*Id*. at 12-13). Petitioner then states that his "detention no longer serves a legitimate government purpose" because he "has a viable defense to removal and has every incentive to appear at future hearings." (*Id*. at 13).

As relief, Petitioner seeks "a writ of habeas corpus requiring that within one day, Respondents release Petitioner" or alternatively "a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days." (*Id.* at 14). Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"). (*Id*.)

Respondents contend that *Bautista*'s holdings do not entitle Petitioner to his requested relief for a variety of reasons. Pertinently, Respondents state that Petitioner cannot assert a class-action habeas claim outside of the district in which the class was certified. (Doc. 12, at 8-10). Respondents also argue that Petitioner's due process argument is premature and without basis. (*Id*. at 10-14).

## IV.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## V.    Analysis

### A.    Petitioner Failed to Allege an Independent Statutory Violation Against Respondents.

Respondents contend that Petitioner "asks the Court to construe him as detained pursuant to 8 U.S.C. § 1226(a) and either order a bond hearing or order Petitioner's immediate release.  But rather than arguing the legal merits, the Petition relies on a class action currently pending in the Central District of California. . . .  No further analysis of the §§ 1225 vs. 1226 issue is stated."  (Doc. 12, at 1-2).   In his Reply, Petitioner states, "Respondents mischaracterize Petitioner's reliance on [*Bautista*] as if this case were merely an attempt to 'enforce' another district court's order. That is incorrect.   Petitioner independently challenges the statutory basis for his detention under 8 U.S.C. § 1225(b)(2)(A) . . . . Even if [*Bautista*] were disregarded entirely, this Court must determine whether detention under § 1225 is lawful as applied to an interior, long-term resident placed into standard § 1229a removal proceedings.  [*Bautista*] is not the source of jurisdiction in this matter. . . . Petitioner is not asking this Court to enforce a class injunction. He is asking this Court to determine whether he is lawfully detained. The statutory question stands independent of [*Bautista*]."  (Doc. 13, at 1-2). Thus, as an initial matter, the undersigned must determine whether Petitioner alleged a violation of his statutory rights when he alleged his *Bautista* claim.

The first sentence of the Petition states that Petitioner "brings this petition for a writ of habeas corpus to enforce a final declaratory judgment governing the detention authority applicable to members of a certified nationwide class in [*Bautista*]."  (Doc. 1, at 1).  In a

section of the Petition entitled "governing bond and detention framework under INA § 1226(a)," Petitioner devotes four sentences to describing that § 1226(a) allows for release on bond while certain other provisions of the INA, including § 1225(b)(1), require mandatory detention and then acknowledges that the "threshold legal question" is "whether detention authority arises under § 1226(a) or § 1225(b)(2)." (*Id*. at 7).  The section concludes that "[t]he statutory question has now been conclusively resolved for members of the [*Bautista*] Bond Eligible Class." (*Id*.)

In a section of the Petition entitled "Petitioner is a member of the [*Bautista*] Bond Eligible Class," Petitioner states "Respondents are bound by the judgement in [*Bautista*]. Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release as a Bond Eligible Class member." (*Id*. at 9).  Petitioner asserts that "[b]ecause Respondents are detaining Petitioner in violation of the declaratory judgment issued in [*Bautista*]," the court should order release.  (*Id*.)

Finally, in a section entitled "Claims for Relief," the Petition has a bold heading stating, "Violation of the INA: Request for Relief Pursuant to [*Bautista*]." (*Id*. at 11). According to Petitioner, "[t]he order granting partial summary judgment in [*Bautista I*] holds that Respondents violate the [Immigration and Nationality Act ("INA")] in applying the mandatory detention statute at § 1225(b)(2) to class members" and "[w]hen considering this determination with the [order in *Bautista II*], the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole." (*Id.*) (internal quotation marks omitted).  Petitioner contends that "Respondents are parties to [*Bautista*] and are

7

bound by the court's declaratory judgment." (*Id.*)  Petitioner contends that "[b]y denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in [*Bautista*]." (*Id.*)

While preliminary sections of the Petition refer to the statute relevant to Respondents' justification for Petitioner's current detention without bond (§ 1225) and the statute relevant to his desired basis for detention, which would allow him an opportunity for bond (§ 1226), Petitioner does not explain the differences in or meaning of the statutory language, including any legislative history or historical application of these sections.  Nor does Petitioner provide analysis of how these sections do or do not apply to Petitioner's facts.  Petitioner does not direct the court to case law that supports his claim that § 1226 applies to him.  Significantly, Petitioner does not include as a ground for relief a claim that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Rather, Petitioner claims repeatedly throughout the Petition and as his first "Claim for Relief" that he is in custody in violation of *Bautista*.

Petitioner's Reply protests that he is not "merely attempt[ing] to 'enforce' another district court's order" and that he "independently challenges the statutory basis for his detention under § 1225(b)(2)(A)." (Doc. 13, at 1).  He asserts that "[t]his Court remains obligated to interpret §§ 1225 and 1226 correctly under controlling Supreme Court precedent" and points out that "[d]istrict courts routinely consider persuasive authority from other jurisdictions." (*Id.* at 2).  The undersigned does not dispute this obligation – but it exists only for claims properly before the court.  Even in reply, Petitioner does not

provide analysis about the statutory basis for detention – even analysis provided by the *Bautista* court or any of the hundreds of other courts that have analyzed this matter in a way favorable to Petitioner.   The court is not obligated to infer or incorporate legal arguments for Petitioner.   *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.'"); *see also Ratcliff v. Saul*, No. CIV-20-442-PRW, 2021 WL 5863829, at *2 (W.D. Okla. May 14, 2021) (stating "[t]he Court will address those arguments Plaintiff has developed adequately" and citing *Wooten*) *adopted*, 2021 WL 4592818 (W.D. Okla. Oct. 6, 2021).   Similarly the court will not construe the Petition liberally, since he is represented by counsel.   *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("While we generally construe *pro se* pleadings liberally, the same courtesy need not be extended to licensed attorneys.") (internal citation omitted); *Wilson v. Allbough*, No. CIV-18-383-W, 2018 WL 11310302, at *1 n.1 (W.D. Okla. Aug. 7, 2018), *adopted* 2018 WL 11310299 (W.D. Okla. Aug. 22, 2018) ("While Petitioner argues, generally, the merits of his post-conviction claims, he does not actually raise those claims as independent grounds for habeas relief.  This Court will not construct legal arguments for Petitioner, nor will it afford his counsel's filings liberal interpretation.") (citing *United States v. Fennell*, 207 F. App'x 916, 918 (10th Cir. 2006) (holding that the court does not extend liberal interpretation when a petitioner "is represented by counsel"); *Bakalov v. State of Utah*, 4 F. App'x 654, 657 (10th Cir. 2001) ("this court will not construct legal arguments or theories" for a habeas petitioner)).

9

Because a court cannot analyze a claim that is not properly before it, the undersigned will not address a statutory argument otherwise available to a similarly situated petitioner.

**B.      The Central District of California's Rulings in *Bautista* Are Not Binding on the Western District of Oklahoma.**

Petitioner asserts that Respondents are bound by the Central District of California's judgment in *Bautista* and that this court is an appropriate forum to seek release from custody pursuant to that judgment.  (Doc. 1, *passim*; Doc. 13, at 3).  Respondents provide several arguments for why Petitioner is not entitled to the relief he seeks under *Bautista*. The undersigned need only address one of these arguments: that "[a] class-wide declaratory judgment imposed from outside the district of confinement cannot be squared with the district-of-confinement requirement of habeas, where the relief is an order of release, 28 U.S.C. § 2241(a), not a declaration of legal rights that can later be enforced."  (Doc. 12, at 8-9).

"[I]n habeas challenges to present physical confinement," "jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443 (2004); *see Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*).  Petitioner filed his Petition while detained in the territorial jurisdiction of the Western District of Oklahoma, and there is no evidence he has ever been confined in the Central District of California's territorial jurisdiction.[4]  (*See* Doc. 1, at 1).  Thus, at no point has Petitioner –

---

[4] "[J]urisdiction attaches on the initial filing for habeas corpus relief" and "is not destroyed by a transfer of the petitioner."  *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)).

or his custodian at the Cimarron Correctional Facility – been subject to the jurisdiction of the Central District of California.  Without jurisdiction, no court in California can effect habeas relief over this Petitioner or his custodian.

Petitioner fails to demonstrate how relief under habeas is appropriate to enforce another court's declaratory judgment.  To the contrary, *Bautista II* conceded "that a declaratory judgment, '[t]hough it may be persuasive, . . . is not ultimately coercive'" on Respondents.  2025 WL 3288403, at *7 (quoting *Steffel v. Thompson*, 415 U.S. 452, 471 (1974)); *see also Bautista v. Santacruz*, No. 5:25-cv-1873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *30 (C.D.Cal. Dec. 18, 2025) (order consolidating previous *Bautista* orders and stating "[t]he Court readily admits that federal courts are of limited jurisdiction. This Court's jurisdiction to grant habeas relief is limited to those within the judicial district. . . . The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district") (citing *Rumsfeld*, 542 U.S. at 443).  Ultimately, Petitioner is unable to demonstrate that this Court is bound by *Bautista*.[5]  *See, e.g.*, *Sanchez v. Noem*, No. 2:25-cv-1232-KWR-KBM, 2026 WL 473094 (D.N.M. Feb. 19, 2026) ("*Bautista* does not provide Petitioner habeas relief since he is confined beyond the boundaries of the Central District of California."); *Ramirez v.*

---

[5] As referenced above, the undersigned has previously recommended granting relief to similarly situated petitioners alleging claims directly implicating the INA.  This Report and Recommendation in no way seeks to disturb the undersigned's previous analysis on claims brought under the INA.  Indeed, the undersigned finds *Bautista*'s statutory analysis persuasive.  But Petitioner's reliance on persuasive statutory analysis as if it were a stand-alone cause of action is insufficient to show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

*Noem*, 2:26-cv-63-SMD-GJF, 2026 WL 381869 (D.N.M. Feb. 11, 2026) ("While the Court finds *Bautista* persuasive, it believes declaring the decision binding is premature given the current splits among districts and ongoing procedural uncertainties.").

**C.    Petitioner Is Not Entitled To Habeas Relief on His Remaining Claims.**

Under his Claims for Relief, Petitioner asserts that "denial of bond consideration violates Due Process." (Doc. 1, at 12).  However, the Petition does not develop his claim beyond a citation to *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.*)  While *Zadvydas* recognized due process protections for detained aliens, the issue before the Supreme Court was "whether th[e] post-removal-period statute authorizes the Attorney General to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." 533 U.S. at 682 (emphasis omitted).  Petitioner has not alleged that he is in the "post-removal period" described in *Zadvydas* and found at 8 U.S.C. § 1231(a)(6).  Rather, he is still pending a removal determination.  Petitioner's conclusory statement that "[t]he denial of bond consideration – regardless of the length of detention – results in arbitrary civil confinement without individualized review and violates the Fifth Amendment's Due Process Clause, (*id.*), is unsupported.  As explained above, the undersigned declines to develop Petitioner's arguments for him. *Wooten*, 377 F.3d at 1145 *Ratcliff*, 2021 WL 5863829, at \*2.  Accordingly, the undersigned declines to further consider this claim for relief.

Petitioner also asserts that "continued detention violates Due Process because it fundamentally undermines Petitioner's removal defense." (Doc. 1, at 12).  Petitioner states that "[c]ourts have repeatedly held that detention that impairs a noncitizens ability to

present a defense in removal proceedings raises serious due process concerns." (*Id.*) Petitioner also states that "[c]ourts recognize that detention that interferes with the preparation and presentation of immigration relief can violate due process, particularly where family unity and hardship evidence are central." (*Id.* at 13). Petitioner asserts that his detention "severely impairs his ability to pursue cancellation of removal, a discretionary form of relief that turns on extensive factual development." (*Id.*) Petitioner cites *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) to support these contentions. *Hernandez* is not binding authority on this court, and moreover, Respondents are correct that it is inapposite to Petitioner's argument since "*Hernandez* analyzed whether ICE and immigration judges are required to consider a detainee's financial circumstances in determining the amount of the bond to be set, and did not consider whether detention can violate due process because it inhibits a person's defense preparation in removal proceedings." (Doc. 12, at 13). Accordingly, this claim for relief should be denied.

Finally, the Petition contains a section with a heading like the other claims for relief that states "detention no longer serves a legitimate government purpose." (*Id.*) He argues that he has strong family and community ties and that he "has a viable defense to removal and has every incentive to appear at future hearings." (*Id.*) He argues that his continued detention "operates as a punishment, which is impermissible in civil immigration detention," again citing *Zadvydas*. (*Id.*) The undersigned is unclear whether this undeveloped argument is intended to be a claim for relief, but the section fails to state a violation of the Constitution or laws of the United States, so it will not be further considered.

## VI.    Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **DENIED**.

**The Court advises the parties of their right to object to this Report and Recommendation by March 12, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  The Court further advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 5th day of March, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE