IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ISAEL MACIAS EMIGDIO, | ) |
|     Petitioner, | ) ) ) |
| v. | ) ) ) Case No. CIV-26-135-SLP |
| SCARLET GRANT, et al., | ) ) |
|     Respondents. | ) |

**O R D E R**

Petitioner, Isael Macias Emigdio, a citizen of Mexico proceeding with counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement (ICE).  Before the Court is the Report and Recommendation [Doc. No. 14] (R&R) of United States Magistrate Judge Amanda L. Maxfield.  Petitioner has filed an Objection [Doc. Nos. 15] and Respondents have filed a Response [Doc. No. 17].  Upon de novo review and for the reasons that follow, the Court DECLINES to ADOPT the R&R and GRANTS in PART the Petition.

**I.    Introduction**

In 1998, Petitioner first entered the United States.  He has resided in the United States continuously for over twenty-one years.  In August 2025, ICE detained Petitioner, charging him as someone who is "present in the United States without being admitted or paroled" under 8 U.S.C. § 1182(a)(6)(A)(i).  Petitioner was denied bond on the ground that his detention was governed by 8 U.S.C. § 1225(b)(2) and the Immigration Judge (IJ) lacked

jurisdiction to provide a bond hearing.[1]  Petitioner is currently being held at the Cimarron Correctional Facility in Cushing, Oklahoma.

## II.     Discussion

This Court and courts across the country have been inundated with review of § 2241 claims virtually identical to those brought by Petitioner.  He claims his immigration detention is not governed by § 1225(b)(2) but instead by 8 U.S.C. § 1226(a) and that he is entitled to immediate release from detention unless he is provided a bonding hearing.

In addition to claiming that his current detention violates his statutory rights under § 1226(a), Petitioner claims a violation of his right to due process under the Fifth Amendment pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  In support of his requested relief, Petitioner seeks enforcement of a class-action declaratory judgment issued in *Maldonado Bautista v. Noem*, No. 25-CV-1873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), in which a federal judge in the Central District of California declared that that all members of the certified class were detained in immigration custody under § 1226(a) and not § 1225(b)(2).[2]

---

[1] Petitioner's detention without bond is a consequence of *Matter of Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), a decision of the Board of Immigration Appeals which held that those who entered the United States without admission or parole are detained under 8 U.S.C. § 1225(b)(2)(A) and are ineligible for a bond hearing.

[2] The certified class is comprised of all noncitizens without lawful status present in the United States who (1) entered without inspection, (2) were not apprehended upon arrival, and (3) are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 when the initial custody determination is made.  *See Bautista v. Santacruz*, -- F.Supp.3d --, No. 25-CV-1873-SSS-BFM, 2025 WL 3713987 at * 32 (C.D. Cal. Dec. 18, 2025).

As set forth by the Magistrate Judge: "[t]he overwhelming majority of courts" have concluded that individuals, like Petitioner, who have been admitted into the United States and have lived in the country for extended periods are entitled to individualized bond hearings under 8 U.S.C. § 1226(a). R&R at 2. Nonetheless, the Magistrate Judge has recommended denying § 2241 relief to Petitioner. The Magistrate Judge found that Petitioner did not properly raise a claim for relief under § 1226(a), instead finding Petitioner only sought enforcement of the declaratory judgment issued in *Maldonado Bautista*. The Magistrate Judge further concluded that *Maldonado Bautista* does not provide any basis upon which § 2241 relief can be granted because Petitioner is not a class-member located within the boundaries of the Central District of California and Petitioner "fails to demonstrate how relief under habeas is appropriate to enforce another court's declaratory judgment." *See* R&R at 10-12.

In his Objection, Petitioner argues that the "Petition raises a broader statutory challenge to the legal authority for detention" and that "[w]hile the Petition cited *Maldonado Bautista* as authority addressing the same statutory interpretation question, the underlying claim remains that Petitioner's custody violates the [INA] because detention authority lies, if at all, under § 1226(a) rather than § 1225(b)(2)." Obj. at 4. Alternatively, Petitioner seeks leave to amend to "clarify" that statutory argument. *Id*. at 5.

Although the Petition is certainly framed with *Maldonado Bautista* at its center, the Court respectfully disagrees with the Magistrate Judge that the Petition does not sufficiently state a § 1226(a) statutory claim for relief. *See, e.g.*, Pet. at 2 (seeking, in the conjunction "an order directing Respondents to immediately comply with the governing

detention statute *and* the declaratory judgment in *Maldonado Bautista* by releasing Petitioner from custody or, in the alternative, by providing a prompt bond hearing under § 1226(a)" (emphasis added)); *see also id*. at 6-7 (setting forth the "governing bond and detention framework under INA § 1226(a)"); *id*. at 11 ("By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), *Respondents violate Petitioner's statutory rights under the INA* and the Court's judgment in *Maldonado Bautista v. Santacruz*."). Petitioner's counsel certainly could have developed the § 1226(a) claim more robustly, but upon de novo review, the Court finds the issue of whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a) is properly before the Court.

The Court has extensively addressed the merits of the § 1226(a) issue in prior orders. *See, e.g.*, *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). Upon review of the factual record in this case, and adopting the prior reasoning in *Lopez*, the Court finds that Petitioner's detention is governed by § 1226(a) and not § 1225(b)(2)(A). In doing so, the Court joins the decision reached by the vast majority of district courts in this judicial district,[3] in district courts

---

[3] *See, e.g., Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641 at *2 (W.D. Okla. Jan. 13, 2026) (collecting cases in this judicial district finding that § 1252(g) does not present a jurisdictional bar); *Lopez*, 2026 WL 165490 at *5 (collecting cases in this judicial district concluding that §1225(b)(2) does not govern the petitioner's detention).

within the Tenth Circuit[4] and across the country[5] to have addressed the same issues as those raised by Petitioner.[6] The Court's decision is also in accord with the Seventh Circuit, which rejected the statutory interpretation of §1225(b)(2) as urged by Respondents. *See Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Accordingly, because the Court concludes that § 1226(a) governs Petitioner's detention, he is entitled to an individualized bond hearing.[7]

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 14] and GRANTS in PART the Petition [Doc. No. 1] as to Petitioner's entitlement to a bond hearing. Respondents are DIRECTED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business

---

[4] *See, e.g.*, *Aguilar Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184 (D. Utah Jan. 16, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025).

[5] *See, e.g., Lopez*, 2026 WL 165490 at *7 (collecting cases concluding that §1226(a) is the governing statutory framework).

[6] The Court is certainly aware of authority to the contrary, including two decisions entered in this judicial district. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. Jan. 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. Dec. 26, 2025).

[7] Petitioner has apprised the Court that during a custody redetermination hearing on March 6, 2026, the IJ denied bond solely on the ground that the court lacked jurisdiction, treating Petitioner as detained pursuant to 8 U.S.C. § 1225(b)(2). *See* Obj. at 2. But the IJ made an alternative finding that if jurisdiction existed, then Petitioner would be eligible for release because he did not pose a danger to the community and any potential flight risk could be mitigated through the setting of a bond. *Id.*

days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.[8]

IT IS FURTHER ORDERED that Respondents shall certify their compliance with this Order by filing a status report within ten business days of this Order. The status report shall detail whether Petitioner was released or provided a bond hearing (and the results of any bond hearing), including the associated dates with either action.

A separate judgment shall be entered.

IT IS SO ORDERED this 16th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[8] Based on the relief granted by the Court, directing that Petitioner be given a bond hearing pursuant to 8 U.S.C. § 1226(a), the Court declines to consider Petitioner's other grounds for relief under the Fifth Amendment and *Zadvydas* or whether he is entitled to declaratory relief as a class member under *Maldonado Bautista*. *See, e.g., Ramirez v. Noem*, No. 26-CV-00063-SMD-GJF, 2026 WL 381869 at * 6 (D.N.M. Feb. 11, 2026) (concluding that petitioner was entitled to relief through the court's "independent statutory analysis" of § 1226(a) rather than "declaring [*Maldonado Bautista*] binding" as such a course would be "premature given the current splits among districts and ongoing procedural uncertainties").